IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENNIS RAY RIGSBY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CIV-21-667-R |
| | ) | |
| **CUSTER COUNTY, OKLAHOMA,** | ) | |
| et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, seeking dismissal of pending state criminal charges and monetary damages. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On July 20, 2021, Judge Mitchell issued a Report and Recommendation wherein she recommended the case be dismissed without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. No. 7). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection.[1] (Doc. No. 11).  Having conducted this review, the Court finds as follows.

Plaintiff's Complaint assert that in ongoing criminal proceedings before the District Court of Custer County his right to a speedy trial is being violated. He requests dismissal

---

[1] "Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

of the case against him and $1000.00 per day for denial of his freedoms and liberties. As Defendants he lists Custer County District Attorney Angelia Marsee and the Custer County District Court, (Doc. No. 1, p. 9).

Judge Mitchell recommends dismissal of the Complaint pursuant to *Younger v. Harris*, 401 U.S. 37, 43 (1971), in light of the ongoing criminal proceedings in the District Court of Custer County. She further recommends dismissal of the § 1983 claims against the State, to the extent it is a party, on the basis of Eleventh Amendment immunity and the Custer County District Court, because it is not a suable entity under § 1983. Judge Mitchell concludes that Defendant Marsee is entitled to absolute immunity in her capacity as prosecutor and that Judges Jones and Weedon are entitled to absolute judicial immunity.[2]

In his objection Plaintiff reiterates that he believes his speedy trial rights are being violated. None of his arguments, however, provides a basis for rejecting or modifying the Report and Recommendation. Plaintiff also asserts that "[i]f Custer County not suable under § 1983 then change it I request." (Doc. No. 11, p.1). The Court is unable to understand Plaintiff's request, nor is it appropriate for the Court to change the party identified by Plaintiff without an amended complaint. Furthermore, any amended complaint would suffer the same deficiencies and be subject to dismissal pursuant to *Younger*. With regard to the prosecutor, Marsee, it is not clear whether Plaintiff intended to name her as a Defendant, his objection stating "[t]he writing in complaint application

---

[2] In response Plaintiff objects to Judge Mitchell's conclusion that he is suing Judge Weedon and Judge Jones. The Court accepts Plaintiff's assertion that he is not suing these persons and declines to adopt that portion of the Report and Recommendation that recommends dismissal of these non-parties.

2

about Weedon, Jones, Angela Marsee being 'supporting facts' of my claim to (see a) above."³ Doc. No. 11 (cleaned up). In short, there is no basis beyond Plaintiff's clarification of his claims—specifically that he is not suing certain persons—that provides a basis for modification or rejection of the Report and Recommendation. Therefore, the Court hereby ADOPTS the Report and Recommendation to the extent it is consistent with this Order and DISMISSES the action without prejudice.

Furthermore, Plaintiff's request for the appointment of counsel is DENIED. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). The Court declines Plaintiff's request because dismissal is appropriate under *Younger* and counsel is therefore not necessary.

**IT IS SO ORDERED** this 22ⁿᵈ day of September 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

³ The "a)" referenced by Plaintiff in paragraph 3 of the objection does not reference any of the individuals. Paragraph (1), however, clearly states Plaintiff is not suing Weedon or Jones. Doc. No. 7, p. 11.
